IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| WILLIAM G. BARTLETT, ELIZABETH K. BARTLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV-11-31-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiffs William G. Bartlett and Elizabeth K. Bartlett (the "Bartletts"), appearing *pro se*, filed this action against the United States of America ("USA") alleging violations of their rights. The Bartletts claim that Internal Revenue Service ("IRS") employees improperly issued a decision in response to the Bartletts' request for a "Collection Due Process" ("CDP") hearing. *Complaint (Court Doc. 1) at 1.*[1] For their relief, they seek: (1) a declaration that the IRS decision is invalid, *id. at 12*; (2) reimbursement of their costs in bringing this

---

[1] The Bartletts did not number the pages of their Complaint. Page number references are those assigned by the Court's electronic filing system.

action, *id.*; (3) punitive damages, *id.*; (4) compensatory damages equal to amounts levied in collection by the IRS plus $60,000 "for legal fees that we labored at[,]" *id. at 12-13*; (5) reversal of "any adverse determination by defendant[,]" *id. at 13*; (6) "[e]ras[ure of] all liens and levies that are on public record[,]" *id.*; (7) "[d]ischarge defendant from office and fine the agent $10,000.00[,]" *id.*; and (8) closure of this case "with prejudice[,]" *id.*

Pending before the Court is the USA's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), and Alternative Motion for Summary Judgment" filed on May 27, 2011. *Court Doc. 5*. In support of its motion, the USA filed a memorandum in support (*Court Doc. 6*), the Declaration of Landon Yost (*Court Doc. 7*), and the Declaration of Maleia Parker (*Court Doc. 8*).

I.  **BACKGROUND**

It is somewhat difficult to discern from the Bartletts' Complaint the precise nature of their claims. They have named only the "United States of America" as Defendant. With liberal construction, it appears that they sought a "Collection Due Process" hearing with the IRS under

2

26 U.S.C. § 6330(b) in response to "having received a Notice of Levy Action with respect to income taxes . . . allegedly owed for the years 2004, 2005, 2006 and 1997." *Court Doc. 1 at 1*. They claim that IRS employees failed to conduct the hearing in accordance with 26 U.S.C. § 6330 or with "Treasury Regulations 301.6330-IT." *Id. at ¶ 4*.

## II. DISCUSSION

### A. The USA's Motion

The USA moves to dismiss and, in the alternative, for summary judgment. *Court Doc. 5*. The bases for the USA's motion are: (1) under Rule 12(b)(1),[2] this Court lacks subject matter jurisdiction because the Bartletts have neither established that the USA has waived its sovereign immunity nor demonstrated a basis for such jurisdiction under any statute for the relief they seek, *id. at 4-17*; (2) under Rule 12(b)(2), the Bartletts have failed to establish personal jurisdiction over any individual defendant, *id. at 13*; (3) under Rule 12(b)(5), the Bartletts have failed to properly serve the USA, *id. at 17-18*; (4) under Rule 12(b)(6), the Bartletts have failed to state a claim against the USA

---

[2] References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

upon which relief can be granted, *id. at 13, 16-17*; and (5) alternatively, under Rule 56, summary judgment in the USA's favor is appropriate on the Bartletts' claims, *id. at 14-17*.

B.   Analysis

The USA filed its motion on May 27, 2011.  *Court Doc. 5*.  The Bartletts' response to the motion was due on June 17, 2011.  *Local Rule 7.1(d)(1)(B)* ("Responses to motions to dismiss, . . . or for summary judgment must be filed within twenty-one (21) days after the motion was filed.").  The Bartletts failed to respond or to seek an extension of time to respond.  The time for doing either passed more than a full week ago.  When a party opposing a motion fails to file a response, as here, the Court has the discretion to deem the failure "an admission that the motion is well-taken."  *Local Rule 7.1(d)(1)(B)*.

Before recommending that the USA's motion be granted, the Court must consider five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less

4

drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In *Ghazali*, the Ninth Circuit affirmed a dismissal, pursuant to a district court local rule similar to Local Rule 7.1(d)(1)(B), for failure to respond to a Rule 12(b)(6) motion to dismiss. Courts reached similar results in *Lund v. Brenner*, 163 F.3d 606 (9th Cir. 1998) (table) and *Roberts v. United States*, 2002 WL 1770930 (D. Nev. 2002).

Like the authorities above, after consideration of the *Henderson* factors, the Court concludes that dismissal is appropriate. The first factor weighs strongly in favor of dismissal. At this juncture in the proceedings, dismissal will promote the public's interest in expeditious resolution of litigation. This is particularly true where, as here, the party bringing the action, after merely filing it, has failed to prosecute it further.

The second factor weighs strongly in favor of dismissal. Plaintiffs' failure to respond to the Defendant's motion undermines the Court's ability to expedite resolution of the action. *See Saba v. Caplan,* 2010 WL 4235473 (N.C. Cal. 2010) (motion to dismiss granted where plaintiff

failed to respond). Such non-compliance with Court rules inherently delays resolution of the case and insures detriment to other litigants. This Court's ability to manage its docket is enhanced when, in the exercise of its discretion, it is permitted to summarily dispose of cases brought by litigants, such as Plaintiffs here, who fail to respond to dispositive motions or to follow the Court's Local Rules.

The third factor weighs in favor of dismissal. The USA, as defendant in this action, should suffer no prejudice by the dismissal of Plaintiffs' claims against it.

The fourth factor generally weighs against dismissal for failure to file a brief. This policy lends little support, however, to a party responsible for moving a case forward but whose conduct impedes progress in that direction. In *Metcalf v. Select Portfolio Servicing, Inc.*, 2011 WL 1768755 (S.D. Cal. 2011), the court noted that "[a] case cannot move toward resolution on the merits when Plaintiff fails to defend his case against a Rule 12(b)(6) and (e) motion." The Court is not required, as it would be in granting a motion for summary judgment under these circumstances, to consider the sufficiency of the USA's motion. *See*

*Ghazali*, 46 F.3d at 54; *see also Henry v. Gill. Ind., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993).

Finally, as to the fifth factor, it is possible that the Court could adopt less drastic sanctions by, *sua sponte*, ordering the Bartletts to file a response to the USA's motion. But the Court is reluctant to do so for the following reasons. First, the other factors weigh strongly in favor of dismissal.

Second, the Bartlett's brought this action. Although the Court must afford pro se litigants' pleadings liberal construction, such litigants are nevertheless "bound by the rules of procedure" the same as other litigants. *Ghazali*, 46 F.3d at 54. By bringing this action, the Bartletts have assumed an affirmative responsibility to participate in the proceedings in accordance with the rules. Their failure to do so imposes a strain on judicial resources and, more significantly, works unfair prejudice upon a defendant compelled to appear to defend itself. The Court concludes that the fifth *Henderson* factor weighs in favor of dismissal.

Thus, the Court concludes after consideration of the *Henderson*

factors that the USA's motion to dismiss should be granted.

III. **CONCLUSION**

Based on the foregoing, IT IS RECOMMENDED that the USA's Motion to Dismiss *(Court Doc. 5)* be GRANTED, and this action be dismissed without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 24th day of June, 2011.

> **/S/ Carolyn S. Ostby**
> United States Magistrate Judge