**IN THE UNITED STATES DISTRICT COURT** FILED
BILLINGS DIV.

**FOR THE DISTRICT OF MONTANA** 2011 JUL 15 AM 10 29

**BILLINGS DIVISION** PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| **WILLIAM G. BARTLETT, and** | ) |
| **ELIZABETH K. BARTLETT** | ) |
|  | ) **Cause No. CV-11-31-BLG-RFC-CSO** |
| **Plaintiffs** | ) |
|  | ) |
| **v.** | ) **ORDER ADOPTING FINDINGS** |
|  | ) **AND RECOMMENDATIONS OF** |
| **UNITED STATES OF AMERICA,** | ) **U.S. MAGISTRATE JUDGE** |
|  | ) |
| **Defendant.** | ) |
|  | ) |

Plaintiffs William and Elizabeth Bartlett, appearing *pro se,* allege the

Internal Revenue Service violated their rights by improperly issuing a decision in

response to their request for a "Collection Due Process" ("CDP") hearing. *Doc. 1.*

The United States responded with a motion to dismiss brought pursuant to Rules

12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure and, in the

alternative, a motion for summary judgment. *Doc. 5.* United States Magistrate

Judge Carolyn Ostby has entered Findings and Recommendations with respect to

the motion, recommending that the Complaint be dismissed without prejudice

because the Bartlett's failed to respond to the motion within the time allotted by

this Court's Local Rules of Procedure. *Doc. 10.*

1

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Six days after the entry of the Findings and Recommendations, the Bartletts filed a document entitled "Motion That Court Suspend Issuing Dimiss (sic) Ruling In This Case Until Petitioner Has Completed Discovery." *Doc. 11.* Since the Bartlett's filing contains arguments that can be construed as objections to Magistrate Judge Ostby's recommendation that the Complaint be dismissed, this Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, the Bartlett's objections are overruled and the case must be dismissed under the *Henderson* factors for failure to respond to the motion within the time allotted. But even if this case were not dismissed for failure to respond, the United States' motion to dismiss would be granted on its merits because the Court lacks jurisdiction.

Magistrate Judge Ostby recommended the Complaint be dismissed for failure to respond under Local Rule 7.1(d)(1)(B) after considering the five factors courts of the Ninth Circuit must consider in determining whether a motion should be deemed well-taken because the opposing party did not respond: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage

its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). After a thorough review, Magistrate Judge Ostby concluded all of these factors weigh in favor of dismissal.

The Bartletts assert they received an Order from Chief Judge John O. Conlin dated May 31, 2011 that provided them until June 30, 2011 to respond to the motion to dismiss, overruled Magistrate Judge Ostby's recommendation that their case be dismissed, and "waiv[ed] the right of US District Court statute of limitations of 20 working days after proper notice." *Doc. 11, p.1.* The Bartletts attached Chief Judge Conlin's Order to their objections. Not only does the Order say nothing about the Findings and Recommendations, which were not issued until almost a month later, Chief Judge Conlin's Order applies only in the Tax Court proceeding in Docket No. 7499-11 and has no effect on this case. This objection is overruled.

The Bartletts also assert they were "never properly served" with the motion to dismiss because the United States "had improper return addresses to start with." *Doc. 11, p. 1.* The Bartletts offer no specifics as to how the address was incorrect and, in fact, the first sentence of their objections states plainly that the Bartletts

3

"received a Motion to dismiss ..." Further, the Certificate of Service for the motion provides that it was mailed to the Bartletts at the address they have listed in all of their filings in this case. According to the copy of the envelope attached to their objections, the Tax Court Order sent its Order to the same address. This objection is also overruled.

Although the Bartlett's make additional arguments, they do not address the reasons why Magistrate Judge Ostby's recommended dismissal of the Complaint. But the additional arguments can be construed as a response to the United State's motion to dismiss and since the Bartletts are proceeding *pro se* and untrained in the law, the Court will consider them.

The Bartletts appear to argue that if they are allowed to maintain this case, discovery will provide them evidence proving that the United States knowingly and intentionally made false claims in their motion. *Doc. 11, p.2.* As best the Court can tell, the Bartletts allege the United States falsely claimed it served the Bartletts with the notice that is a prerequisite to placing a levy on a delinquent taxpayer's property. But even if the Bartletts would likely succeed on the merits after discovery, the United States' motion to dismiss is primarily based on this Court's lack of jurisdiction to hear this case. As argued by the United States in its brief, this Court lacks subject matter jurisdiction over the Bartletts claims because

4

the United States has not waived its sovereign immunity. *See doc. 6, pp. 4-17.* It appears the Bartletts have another case pending in the Tax Court, which may be an appropriate venue to resolve their disputes with the Internal Revenue Service.

The Bartletts also cite the Administrative Procedures Act, 5 U.S.C. § 702, as authority for this Court's jurisdiction. But it has long been established that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action ..." *Califano v. Sanders,* 430 U.S. 99, 104-108 (1977). Since this Court otherwise lacks subject matter jurisdiction, the APA does not provide an independent basis for this Court to hear this case.

Accordingly, **IT IS HEREBY ORDERED** that Magistrate Judge Ostby's Findings and Recommendations (*doc. 10*) are adopted in their entirety.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss (*doc. 5*) is **GRANTED**: this case is dismissed without prejudice.

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED this /_J__ day of July, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

5